[Decided February 2, 1887.]

## ANDREW SMITH *v.* ISAAC C. ELLIS AND WILLIAM K. MELVILLE.

COMPLAINT — SUFFICIENCY OF. — A complaint alleged a sale of personal property in Chehalis County, on November 19, 1885, and on the same day a mortgage back by the vendee to the vendor on the property to secure the purchase price, recorded in Chehalis County two days thereafter, and the willful and fraudulent removal of the property into Thurston County on the day of the sale by the vendee, and the sale of the property by the vendee for value paid before the actual filing or recording of said mortgage in either Chehalis or Thurston County, to a third party who knew the vendee's reputation for honesty to be bad, and who made no attempt to learn how the vendee had obtained the property, and who did not examine the records of either county, and the subsequent recording of the mortgage within thirty days after its execution in both counties, and a tender of the amount paid to the vendee by the last purchaser for the property, and a demand of the property, both of which were refused, with an allegation that the vendee was insolvent without any assets, and had fled to

foreign parts, and praying for the foreclosure of the mortgage and a sale of the property to pay vendor's claim, — *held*, that the complaint did not state facts sufficient to constitute a cause of action.

APPEAL from the District Court holding terms at Olympia.  Second District.

The plaintiff brought suit to foreclose a chattel mortgage against the mortgagee and Ellis, a subsequent purchaser of the mortgaged property.  The complaint states that on November 19, 1885, at Chehalis County, plaintiff sold to one Melville one yoke of oxen, and Melville made his promissory note therefor payable to the order of plaintiff in fifteen days, with interest; and also a chattel mortgage covering said property to secure the payment of the purchase price thereof; that on the twentieth day of November, 1885, the cattle, note, and mortgage were delivered at said county; that as soon after the delivery of the mortgage as plaintiff could get to the auditor's office of Chehalis County, viz., on the evening of November 22, 1885, he delivered the same to the auditor to be filed for record, and it was filed for record at 9 o'clock A. M., on November 23d, and was duly recorded in mortgage records of said county; that Melville purchased the cattle for the purpose of defrauding plaintiff, and in furtherance of his design, on the day the cattle were delivered, and on the day following, drove them out of Chehalis County into Thurston County, into the city of Olympia, and the same day delivered said mortgaged property to this appellee; that immediately after delivering the cattle to defendant Ellis, Melville fled to British Columbia; that Ellis claims to have purchased said cattle of Melville for the sum of eighty dollars at the city of Olympia on November 22, 1885;  that at the time of said pretended purchase from Melville, said Ellis was fully aware that said cattle offered for sale by Melville had just been driven by Melville from Chehalis County into Olympia, Thurston County, and that eighty dollars

was far below the real value of the cattle; that Ellis was acquainted with said Melville, and knew his reputation for honesty was very bad; and by all these circumstances was put upon his guard concerning the title to the cattle and the lien thereon; that said Ellis made no attempt to learn how Melville obtained the cattle, nor did he examine or cause to be examined the records in either Chehalis or Thurston County; that said cattle are now in the possession of Ellis, at Thurston County, and are easily identified; that plaintiff immediately upon learning that the cattle had been driven out of Chehalis County, into Thurston County on November 24, 1885, caused said mortgage so recorded in Chehalis County to be filed for record in Thurston County; and that this was done within thirty days from the time that the mortgaged property was removed from Chehalis County into Thurston County; that the cattle were worth the sum of $225; that Melville is and was a bankrupt, having no property of any description in this territory; that prior to the filing of the amended complaint, plaintiff tendered to Ellis the sum of eighty dollars, gold coin of the United States, the amount claimed by him to have been paid Melville, and then and there made demand for the cattle, and that Ellis refused to accept the money or deliver the property. The complaint prayed for judgment against Melville for purchase price, interest, and attorney's fee, for foreclosure of mortgage and sale of mortgaged property, and for judgment against Ellis in the event of his failure to hold the property subject to the court in this action. Defendant Ellis demurred, and urged that the complaint did not state facts sufficient to constitute a cause of action, because it failed to state any facts showing that Ellis, at the time of his purchase, had any actual or constructive notice of the unrecorded mortgage lien of the plaintiff, and relied upon sections 1987 and 2314 of the Code. Demurrer sustained, and defendant Ellis had judgment for his costs, from which plaintiff appealed.

*Messrs. Robinson, Porter, & Robinson,* for the Appellant.

While our law makes no provision as to the time within which a mortgage must be recorded, but to make the law effective the mortgagee ought to be allowed a reasonable time within which to record the instrument. The demurrer admits that the record of the mortgage was made as soon as the mortgagee could get to the auditor's office. The Code requires the record of the mortgage, in case of removal of mortgaged property to another county, within thirty days after such removal, in the county to which the property is removed. (Code, sec. 1988.) Until the expiration of this period there can be no innocent purchaser, if he knows of the removal to the county within that period. While possession is *prima facie* evidence of title, yet the holder is bound to inform himself whether the property is encumbered in the county from which the removal took place. (Jones on Chattel Mortgages, sec. 260; *Offut* v. *Flagg,* 10 N. H. 46; *Smith* v. *McClain,* 24 Iowa, 322; *Feurst* v. *Rowell,* 62 Mo. 524.) A purchaser who is put upon inquiry by the facts and circumstances within his own knowledge is charged with notice, and if he abstain from inquiry he cannot be held to be an innocent purchaser. (Bump on Fraudulent Conveyances, 200; Jones on Chattel Mortgages, secs. 38, 570, 609; *Allen* v. *McCall,* 25 Iowa, 464; 2 Wait's Actions and Defenses, 185.) Whatever is sufficient to put an ordinarily intelligent person on inquiry is notice. (*Powell* v. *Halley,* 28 Tex. 52; *Hawley* v. *Bullock,* 29 Tex. 216; Wade on Notice, secs. 37–53; *Hood* v. *Fahnestock,* 44 Am. Dec. 147; *Chapman* v. *Glassel,* 48 Am. Dec. 41.) The record acts do not make the mortgage void for an omission to record, but simply declare that such omission renders it void as to the creditors and a subsequent purchaser in good faith for value. With all these facts and circumstances alleged in the complaint and admitted by the demurrer, it cannot be said that

this transaction was in good faith for value. It cannot be said that property whose admitted value is $225 is purchased in good faith for the sum of $80. (Jones on Chattel Mortgages, 237; *Pratt* v. *Harlow,* 16 Gray, 379; *Burket* v. *Ballard,* 12 Met. 308.) A valuable consideration is necessary to support the theory of "innocent purchaser." (*Willis* v. *Johnson,* 38 Tex. 304; *Hammon* v. *Keigwin,* 39 Tex. 34; *Bollman* v. *Coffin,* 4 Or. 313; *Musgrove* v. *Bonser,* 5 Or. 313.) A person can only be protected as *bona fide* to the extent of his payments before notice. (Jones on Chattel Mortgages, secs. 247; *Kohl* v. *Lym,* 34 Mich. 360.)

No brief was filed by appellee.

Mr. Chief Justice GREENE delivered the opinion of the court.

This cause has been submitted upon the printed brief of appellant, the appellee not appearing. We have carefully examined the record in the light of the points made in appellant's brief, and find no error in the proceedings of the District Court.

The judgment of the District Court is affirmed.

TURNER, J., and LANGFORD, J., concurred.